IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA WAYNE FEAGIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-717-WKW |
| ) | |
| 22nd JUDICIAL CIRCUIT DRUG ) | |
| TASK FORCE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Joshua Wayne Feagin ("Feagin"), an indigent inmate presently confined at the Covington County Jail. Feagin is incarcerated pending trial on criminal charges lodged against him by the Circuit Court of Covington County, Alabama for manufacturing a controlled substance, drug trafficking, possession of drug paraphernalia and bringing stolen property into the state.

In the complaint, as amended, Feagin asserts that during the early morning hours of January 14, 2014, law enforcement entered his residence and conducted an unconstitutional search in violation of his Fourth Amendment rights. In support of this claim, Feagin argues that the search was based solely on an arrest warrant issued by the State of Georgia and this warrant provided no basis for entry into his home. Feagin also challenges a subsequent search of his residence on this same date pursuant to a search warrant issued by Judge Charles A. Short, a judge for the Circuit Court of Covington County, Alabama. Specifically,

Feagin argues that the search warrant was premised on the prior unconstitutional entry into/search of his residence and maintains that the warrant contained various material deficiencies. During the latter search, it is undisputed that law enforcement officials seized evidence relevant to each of the criminal charges pending against Feagin. Feagin seeks dismissal of the criminal charges lodged against him and monetary damages. *Compl.- Doc. No. 1* at 4; *Second Amendment to the Compl. - Doc. No. 23* at 1.

The court has undertaken a thorough review of the complaint and amendments thereto, the motion to dismiss for failure to state a claim filed on behalf of the 22nd Judicial Circuit Drug Task Force and the special report filed by defendant Jackson. In accordance with the order entered on December 2, 2015 (Doc. No. 15) and in the interest of clarity, the court deems it appropriate at this stage of the proceedings to construe the special report to contain a motion to dismiss the claims lodged against defendant Jackson.

## II. DISCUSSION

### A. Dismissal of the 22nd Judicial Circuit Drug Task Force

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are well settled that a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991). Moreover, the Alabama Supreme Court has made it equally clear that other

"departments and subordinate entities of municipalities, counties and towns" such as police departments and drug task forces "lack[] the capacity to sue or be sued." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes that the 22nd Judicial Circuit Drug Task Force is not a legal entity subject to suit.

### B. Claims Against Defendant Jackson - *Younger* Abstention

In the complaint (Doc. No. 1) and first amendment (Doc. No. 5), Feagin challenges the constitutionality of the initial entry into his home and the subsequent searches conducted by law enforcement officials which resulted in the seizure of evidence relevant to the criminal charges currently pending against him before the Circuit Court of Covington County, Alabama.[1] Feagin seeks both injunctive relief in the form of dismissal of the criminal charges and monetary damages from defendant Jackson for the alleged violations of his constitutional rights.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin a criminal prosecution against them in state court. *Id*. at 44-45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal

---

[1] Feagin emphasizes that "[t]his action does not arise from the allegation based upon the arrest [or] prosecution of [the criminal] charges" and, instead is based solely on the searches conducted of his home and the seizure of evidence resulting from these searches. *Objection to Dispositive Motion - Doc. No. 21* at 1-2.

3

prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008 (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

It is clear that each of the requisite elements for *Younger* abstention are present in this case. First, Feagin is awaiting trial on criminal charges before the Circuit Court of Covington County, Alabama. Secondly, enforcement of the law is an important state interest. Finally, Feagin may raise his claims in the pending state court proceedings by filing a motion to suppress and, if unsuccessful on this motion and upon conviction, in his direct appeal before the state appellate courts. However, exceptions to *Younger* abstention include situations where (1) irreparable injury as a result of the prosecution is both "great and

immediate"; (2) the state law flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*). Feagin has not alleged any facts which warrant application of the exceptions to *Younger* abstention as his claims challenging the constitutionality of the searches conducted and concomitant seizure of evidence do not assert the type of bad faith or harassment that would justify the extraordinary relief he seeks from this court - the summary dismissal of the state criminal charges pending against him. The mere fact that Feagin must defend himself in state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Consequently, Feagin's Fourth Amendment claims, to the extent he seeks injunctive or declaratory relief, are due to be dismissed as equity, comity and federalism concerns require the court to abstain from considering such claims. With respect to Feagin's request for monetary damages, "[d]amages actions are different from actions that seek only declaratory or injunctive relief in two important respects: The relief is not discretionary, and it may not be available in the state proceeding." *Gilbertson v. Albright*, 381 F.3d 965, 980 (9th Cir. 2004). The Supreme Court has not yet directly addressed whether *Younger* abstention applies when the relief sought in the federal action is damages for alleged misconduct by law enforcement officials during a search which results in the collection of evidence that forms

the basis for underlying state criminal cases. *See Deakins v. Monaghan*, 484 U.S. 193, 202 n.6 (1988) (reserving the question as to the extent the *Younger* doctrine applies to a federal action seeking monetary relief, but noting that the district court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding). The Court has, however, noted that a stay of the proceedings may be appropriate in an action for damages brought during the pendency of state criminal proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit [seeking damages] during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). The Eleventh Circuit has likewise indicated its approval of applying the *Younger* abstention doctrine to federal civil actions seeking money damages. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (reversing dismissal of § 1983 action requesting money damages for alleged violations of Fourth Amendment rights and ordering district court to abstain from resolving merits of petitioner's claims until state court conviction is final in the state courts). In addition, the majority of circuit courts addressing this issue have recognized that a stay of the parallel federal civil action for damages is warranted under *Younger* abstention principles. *See Gilbertson*, 381 F.3d at 979; *Weitzel v. Division of Occupational and Professional Licensing of the Dep't of Commerce*, 240 F.3d 871, 876-78 (10th Cir. 2001); *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000); *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999); *Carroll*

*v. City of Mount Clemens*, 139 F.3d 1072, 1076 (6th Cir. 1998); *Simpson v. Rowan*, 73 F.3d 134, 137-39 nn.5-6 (7th Cir. 1995); *Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 15 n.1 (1st Cir. 1992); *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989); *Williams v. Hepting*, 844 F.2d 138, 144-45 (3d Cir.), *cert. denied*, 488 U.S. 851 (1988).

Since Feagin's claims for damages call into question the legitimacy of the searches of his home by law enforcement officials, the very searches which resulted in seizure of the evidence underlying his pending state criminal proceedings, any decision by this court could significantly interfere with, and potentially undermine, the actions of the state court. Consequently, it is appropriate to stay the federal proceeding as to the request for damages pending final resolution of the state court proceedings. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Id*. at 393-94);[2] *Pompey v. Broward County*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles."); *Jones v. Takaki*, 1993 WL 41420 *3 (N.D. Ill. Feb. 18, 1993) ("Most significantly, given the doctrine of *res judicata*, the basic policy against federal interference with pending state criminal prosecutions generally will be frustrated as much by a damages award as it would be by either declaratory

---

[2] The opinion issued by the majority in *Wallace* is not based on the principles of *Younger*.

relief or an injunction.").

Having concluded that the *Younger* doctrine applies and none of the exceptions to the doctrine preclude abstention, the court deems it appropriate to recommend that the claims for damages raised in this action be stayed. A stay, as opposed to dismissal, is appropriate where, as is the case here, the plaintiff seeks monetary relief and such claims cannot be addressed in the pending state court proceedings. *See Deakins*, 484 U.S. at 202.

For the reasons set forth above, defendant Jackson's motion to dismiss is due to granted with respect to any claims for injunctive or declaratory relief and these claims are subject to summary dismissal without prejudice because of this court's invocation of the *Younger* abstention doctrine. Defendant Jackson's motion to dismiss with respect to the plaintiff's claim for damages is due to be denied, and the claim for damages under § 1983 is due to be stayed pending the outcome of the state court proceedings.[3]

### III. CONCLUSION

---

[3] In so doing, the court has not spoken to nor offered any opinion on the merits of the allegations or claims presented in this cause of action. With respect to any future decision on the merits which may occur at the conclusion of the state court proceedings, the court notes that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Heck*, 512 U.S. at 487 n.7. Thus, since "a successful § 1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction, *Heck* . . . does not generally bar such claims." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citations and quotations omitted). However, if Feagin is "ultimately convicted, and if the stayed civil suit would impugn [the] conviction[s] [because no basis other than the challenged warrants existed to justify the searches], *Heck* will require dismissal [of Feagin's] remaining claims." *Wallace*, 549 U.S. at 394.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by the 22nd Judicial Circuit Drug Task Force be GRANTED.

2. The claims against the 22nd Judicial Circuit Drug Task Force be dismissed with prejudice and this defendant be DISMISSED as a party to this cause of action.

3. Defendant Jackson's motion to dismiss be GRANTED regarding any claims for injunctive or declaratory relief and these requests for relief be DISMISSED without prejudice in accordance with the *Younger* abstention doctrine.

4. Defendant Jackson's motion to dismiss be DENIED to the extent it addresses the plaintiff's § 1983 claim for damages.

5. The plaintiff's damages claim against defendant Jackson be STAYED pending resolution of the related state criminal case proceedings; and

6. The Clerk be DIRECTED to administratively CLOSE this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 3, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 20th day of January, 2016.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE